**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ALLEN MEREDITH JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-51 (MTT) |
| KUMHO TIRE, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Plaintiff Allen Meridith Jackson has moved to proceed *in forma pauperis*. Doc. 1. Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the plaintiff must demonstrate that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga.). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

Jackson's financial affidavit states he has only $75 in his checking account and that he has a monthly income of $800 per month or $9,600 annually. Doc. 1 at 1-2. This falls far below the federal poverty guidelines for a single-person household, which is $12,140 annually.[2] Jackson states nothing regarding his assets but does allege that he is owed "$20-$30,000" in overtime pay from his former employer[3]—the relief he seeks in this law suit. *Id.* at 3; Doc. 1-1 at 8. And Jackson also states his total monthly expenses amount to $1,720. Doc. 1 at 4-5. Accordingly, having read and considered Jackson's financial affidavit, the Court finds that Jackson is unable to pay the costs and fees associated with this lawsuit and his Motion to Proceed IFP is **GRANTED**.

Because Jackson is proceeding pro se, the Court must review his complaint and dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Jackson alleges his former employer, Defendant Kumho Tire, violated Title VII of the Civil Rights Act of 1964, 42

---

[2] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines. *See also* Annual Update of the HHS Poverty Guidelines, 83 FR 2642-01.

[3] In his financial affidavit, Jackson lists this amount as being owed to his spouse. Doc. 1 at 3. But Jackson states nothing about a spouse anywhere else in his financial affidavit, and he seeks payment for unpaid overtime pay as relief. Doc. 1-1 at 8. Accordingly, the Court assumes Jackson intended to allege that this money was owed to him and that Jackson relies on his income alone.

U.S.C. § 2000e *et seq.*, and that, as a result, Jackson suffered harassment, disparate treatment, and retaliation because of his race. *Id.* at 6-8. Jackson also alleges that he is owed unpaid overtime pay. *Id.* Jackson appears to allege conduct on the part of Kumho Tire that could support a Title VII claim, but he provides insufficient factual allegations to support his claim. Therefore, mindful both of Jackson's pro se status and the 90-day period in which he may file a claim following receipt of his right-to-sue letter, the Court orders Jackson to file an amended complaint.[4] His amended complaint must comply with the Federal Rules of Civil Procedure. For each claim Jackson states, he shall lay out the elements of those claims and state with specificity the facts that satisfy each element. Mere conclusory statements will not suffice. Further, he should state each allegation in separately numbered paragraphs. *See* Fed. R. Civ. P. 10. Jackson is **ORDERED to file an amended complaint** complying with these requirements within **14 days** of receipt of this Order.

**SO ORDERED**, this the 16th day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Jackson alleges that he received his right-to-sue letter from the EEOC on October 25, 2017. Doc. 1-1 at 4. Although this case was transferred to this Court on February 8, 2018, Jackson initially filed his complaint in the Northern District of Georgia on January 16, 2018—within the 90-day period in which plaintiffs must file claims after receipt of a right-to-sue letter. Doc. 1. However, that 90-day period has now ended, which could present a barrier to Jackson re-filing those claims were they to be dismissed.