**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ALLEN MEREDITH JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-51 (MTT) |
| KUMHO TIRE, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Allen Meredith Jackson, proceeding pro se, filed this complaint on January 16, 2018 in the Northern District of Georgia. Doc. 1. The case was transferred to this Court, and, on February 16, the Court granted Jackson's motion to proceed *in forma pauperis*. Doc. 5. In the same order, the Court notified Jackson of deficiencies in his complaint and ordered him to file an amended complaint stating a claim to relief within 14 days. *Id.* After Jackson failed to do so, on March 13, the Court ordered Jackson to show cause why his case should not be dismissed by March 27. Doc. 6. Jackson then called the Court on March 27, seeking an extension; the Court granted this request, giving Jackson until April 6 to show cause. Doc. 7. That date having passed, Jackson has still failed to show cause why his case should not be dismissed. Accordingly, the Court **DISMISSES** Jackson's complaint for failure to prosecute and failure to comply with the Court's order. Fed. R. Civ. P. 41(b)[1]; *Betty K Agencies, Ltd. v.*

---

[1] Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Though Rule 41(b) by its terms applies only to dismissal on a defendant's motion, the Eleventh Circuit has "elide[d] th[e] neat distinction" between a district court's dismissal pursuant to Rule 41(b) and dismissal pursuant to its inherent authority in many of its prior decisions. *Id.* Regardless of the source of authority, it is clear the Court may dismiss an action as a sanction for failure to comply with a court order.

*M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs." (quotation marks and citation omitted)).

Moreover, because Jackson is proceeding IFP, the Court must review his complaint and dismiss it if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court initially performed such a screening of Jackson's complaint, determining that Jackson provided "insufficient factual allegations" to state a cognizable claim, and thus ordered Jackson to amend his complaint. Doc. 5 at 3. Due to Jackson's failure to comply with that order, his complaint continues to lack sufficient factual matter to "'state a claim to relief that is plausible on its face'" and does not meet the requirements of § 1915(e). *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). And, so, Jackson's complaint is also subject to dismissal for "fail[ing] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Jackson's complaint is **DISMISSED without prejudice**.[2]

---

[2] The Court recognizes that, because the 90-day period in which Jackson must file suit after receiving a Right to Sue Letter from the EEOC has passed, a dismissal *without* prejudice is "tantamount to a dismissal *with* prejudice." *Powell v. Siegal*, 447 F. App'x 92, 94 (11th Cir. 2011) (emphasis in original) (assuming that the plaintiff was barred from re-filing after the passage of the 90-day period). However, as described herein, the Court has granted Jackson multiple opportunities to address the deficiencies in his complaint, but Jackson has failed to respond at all to not one but two court orders—the Court concedes that Jackson did at least request an extension concerning the March 13 order before then failing to respond to the subsequent order. Thus, the Court finds there is a "clear record of willful contempt," delay, and misconduct and that lesser sanctions will not suffice. *Id.* (quotation marks and citations omitted); *see also Stephenson v. Doe*, 554 F. App'x. 835, 837 (11th Cir. 2014) (holding a dismissal with prejudice is appropriate where the district court finds a "clear record of delay and willful misconduct . . . and that lesser sanctions are inadequate"). Further, in asking Jackson to show cause why his case should not be dismissed, Jackson was on notice that failure to comply would result in dismissal. *Moon v. Newsome*,

**SO ORDERED**, this the 27th day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

863 F.2d 835, 837 (11th Cir. 1989) (noting that when the litigant has been forewarned, dismissal for failure to obey a court order is appropriate).  Accordingly, dismissal with prejudice is appropriate.